# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                    Plaintiff,

-vs-                                     Case No.  6:03-cv-1645-Orl-28KRS

GARY M. WEISS, et al.,

                    Defendants.
_____/   Consolidated With

COMPREHENSIVE MEDICAL GROUP, INC.,
OPTIMAL MEDICAL GROUP, L.L.C.,
NEUROLOGICAL CONSULTANTS, L.L.C.,
NEURO-MED ASSOCIATES, L.L.C., PRISM
DIAGNOSTICS, INC., PROVIDERS MEDICAL
GROUP, L.L.C., B & G DIAGNOSTIC
SYSTEMS, INC.,

                    Plaintiffs,

-vs-                                     Case No. 6:03-cv-1822-Orl-28JGG

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                    Defendant.

# ORDER

      This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:** **STATE FARM'S MOTION [FOR] SANCTIONS TO COMPEL DEPOSITIONS OF DEFENDANT GARY WEISS AND WITNESS DONNA TURNER AND AWARD OF ATTORNEY'S FEES AND COSTS (Doc. No. 212)**
>
> **FILED:** **April 13, 2005**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On April 13, 2005, the plaintiff State Farm Mutual Automobile Insurance Company (State Farm) filed the present motion seeking to compel the depositions of defendant Gary Weiss and witness Donna Turner, who is an employee of Weiss' business. Doc. No. 212. Weiss filed a response to the motion on April 28, 2005. Doc. No. 216.

According to its motion, State Farm began attempting to schedule these depositions during September 2004, but received little cooperation from Weiss and his counsel. After much effort, State Farm was able to schedule these depositions for March 16 and 17, 2005, and, on February 7, 2005, State Farm served notice of these depositions on the parties. *Id.* at 2 ex. F.

In a letter dated February 16, 2005, counsel for Weiss indicated that holding the depositions on March 16 and 17, 2005, would not allow counsel sufficient time to prepare for the depositions. *Id.* ex. G. This letter stated, "In the absence of an agreement to postpone the deposition . . . , we would intend to file an appropriate Motion for Protective Order." *Id.* To date, Weiss has filed no such motion. In addition, this letter indicated that Weiss would not submit to the deposition until his counsel completed review of discovery produced in this case. *Id.* In support of its motion, State Farm filed an e-mail sent on March 8, 2005, in which counsel for State Farm referenced an informal agreement with Weiss' counsel to reschedule the depositions for

dates in April 2005.  *Id.* ex. H.  An e-mail response from Weiss' counsel would not confirm that the depositions had been rescheduled.  *Id.*

Weiss, on the other hand, contends that the reason he has refused to submit to a deposition is that in a state court proceeding, the County Court of the Eighteenth Judicial Circuit in Brevard County, Florida ordered State Farm to pay Weiss for time that he spent being deposed and ordered that no deposition of Weiss could go forward until State Farm made this payment.  Doc. No. 216 ex. B.  Weiss contends that the present motion constitutes an impermissible attack on the state court's order, and urges that principles of comity preclude this Court's compelling Weiss to submit to a deposition.  *Id.* at 6-7.  In support of this argument, Weiss submitted the state court order, which is dated March 7, 2005.  *Id.* ex. B.  This order commands that Weiss submit to a deposition in the state court proceeding, and that State Farm pay Weiss a fee for the time he spent at another related deposition before the newly ordered depositions *in the state court proceeding.  Id.* Accordingly, the state court order does not excuse Weiss from submitting to a deposition in this case.

Therefore, the present motion to compel is due to be granted.  Because Weiss and Turner have not cooperated in scheduling the deposition dates, they shall appear at a date and time specified by State Farm.  State Farm shall serve renewed notices of deposition or subpoenas, as appropriate, at least ten (10) days before the deposition dates it selects.

State Farm further moves for an award of sanctions to compensate it for the expenses it incurred in bringing the present motion.  Fed. R. Civ. P. 37(d) explains that if a party "fails to appear before the officer who is to take the deposition, after being served with a proper notice, . . .

the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." I find that State farm served proper notice of the deposition after making a good faith effort to schedule the depositions for a mutually agreeable date and time, the conduct of Weiss in refusing to attend the deposition and to make Turner available for her deposition was not substantially justified, and that no other circumstances make an award of expenses unjust. Accordingly, to partially compensate State Farm for the attorney's fees and costs it has incurred in connection with filing the present motion, it is **ORDERED** that Weiss shall pay to State Farm the amount of $2,000.00.  It is further **ORDERED** that Weiss shall tender this payment to counsel for State Farm on or before May 20, 2005.

      **DONE** and **ORDERED** in Orlando, Florida on May 5, 2005.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-4-