**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

**Plaintiffs,**

-vs-                                                                     Case No.  6:03-cv-1645-Orl-31KRS

**GARY M. WEISS, ROBERT J. BROWN, & SPECTRUM DX SERVICES, INC.,**

**Defendants.**
_____/

## ORDER

This cause came on for consideration by the Court *sua sponte*. The Court retained jurisdiction to enforce settlement agreements entered into between Plaintiff State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company ("State Farm") and the following defendants: Brad M. Goldstein; Comprehensive Medical Group, Inc.; Neurological Consultants, LLC; Neurology Medical Associates of New Jersey, LLC; Optimal Medical Group, LLC; Premier Medical Group, Inc.; Prism Diagnostics, Inc.; Providers Medical Group, LLC; David K. Goroway; and Practice Mechanix, Inc.  Doc. Nos. 196, 197, 198, 199.

When the parties enter into a settlement agreement that is subject to enforcement by the Court, the settlement agreement becomes part of the judicial record in the case. *See, e.g., Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003); *see also Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.2d 1315, 1320-21 (S.D. Fla. 2002). As such, because this Court retained jurisdiction to enforce

settlement agreements, those settlement agreements should be part of the record in this case. It does not appear, however, that the parties filed the settlement agreements with the Court.

The terms of the settlement agreements are now relevant to a pending discovery dispute. *See* Doc. No. 248. Accordingly, it is **ORDERED** that State Farm shall file the settlement agreements with the Court on or before October 17, 2005. If State Farm or any settling defendant contends that the settlement agreements should not be filed as part of the public record in this case, the party or parties shall, on or before October 17, 2005, file in the public record and serve a motion seeking permission to file the settlement agreements under seal with supporting legal authority. The moving party or parties shall simultaneously deliver to the Clerk of Court a paper copy of each settlement agreement that it wishes to file under seal. In deciding whether to file a motion to seal the settlement agreements, counsel should be mindful that sealing in cases in which the Court agrees to enforce the terms of a settlement agreement is generally permitted only when supported by compelling circumstances, and the request to seal should be limited to only the portion of the settlement agreement that is entitled to confidential treatment. *See Stalnaker*, 293 F. Supp. 2d at 1264; *see also* The Sedona Guidelines: Best Practices Addressing Protective Order, Confidentiality & Public Access in Civil Cases, 6 Sedona Conf. J. 183 (Fall 2004)(Westlaw 6 SEDCJ 183).

**DONE** and **ORDERED** in Orlando, Florida on October 12, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record

Unrepresented Parties