# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

**Plaintiffs,**

**-vs-** **Case No. 6:03-cv-1645-Orl-31KRS**

**GARY M. WEISS, ROBERT J. BROWN, & SPECTRUM DX SERVICES, INC.,**

**Defendants.**

______________________________________/

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT, GARY M. WEISS M.D.'S FIRST MOTION TO COMPEL (Doc. No. 248)** |
| **FILED:** | **September 28, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Defendant Gary M. Weiss asks the Court to compel disclosure of the settlement agreement between State Farm and the "settling defendants" in this case, along with related documents regarding the settlement discussions. Weiss argues that these documents will be relevant to evaluate the bias, interest and credibility of witnesses.

I have reviewed the settlement agreement *in camera* and conclude, based on the information currently before the Court, that the settlement agreement does not contain discoverable information.[1] Among other things, Weiss has not established that State Farm has paid claims of the type that are the subject of the present case submitted by any of the settling defendants since the settlement agreement was executed.

**DONE** and **ORDERED** in Orlando, Florida on October 20, 2005.

Karla R. Spaulding
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] This order is not intended to address, or comment upon, the question of whether the settlement agreement should be filed in the public record because the Court has retained jurisdiction to enforce it. Because the discovery deadline is fast approaching, the decision on the motion to compel was required before the motion to seal the settlement agreement was ripe for resolution.