# UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

                **Plaintiffs,**

-vs-                                          **Case No. 6:03-cv-1645-Orl-31KRS**

**GARY M. WEISS, ROBERT J. BROWN, & SPECTRUM DX SERVICES, INC.,**

                **Defendants.**

_____/

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT, GARY M. WEISS, M.D.'S, MOTION FOR SANCTIONS OR, ALTERNATIVELY, TO COMPEL (Doc. No. 270)** |
| **FILED:** | October 21, 2005 |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

Defendant Gary M. Weiss, M.D., noticed a deposition under Federal Rule of Civil Procedure 30(b)(6) of Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively "State Farm") to be conducted on October 21, 2005. Weiss also scheduled individual depositions of State Farm employees Susan LaPetina, Denise Mote, and David Olsen, which were taken on October 19 and 20, 2005.

At the beginning of the first of the individual depositions, counsel for State Farm notified counsel for Weiss that State Farm was designating LaPetina, Mote and Olsen as its corporate representatives for purposes of the Rule 30(b)(6) deposition. Counsel for State Farm directed counsel for Weiss to pose all of the questions he had for the witnesses individually and as representatives of State Farm on the days scheduled for the individual depositions. State Farm did not produce corporate representatives to testify at the Rule 30(b)(6) deposition on October 21, 2005.

State Farm's position regarding the Rule 30(b)(6) depositions is unreasonable. While the Court often encourages counsel not to subject an individual to two depositions – one in an individual capacity and one as a corporate representative – nothing in the rules of the Court require the party noticing the deposition to agree to this proposal. Moreover, it is unfair to inform counsel on the day scheduled for an individual deposition that the attorney must also be prepared to ask questions related to a corporate deposition not scheduled to occur that day. Accordingly, I find that State Farm's failure to produce corporate representatives for the Rule 30(b)(6) deposition on October 21, 2005 was not substantially justified. *See* Fed. R. Civ. P. 30(d). Therefore, the motion for sanctions is **GRANTED** in part. It is **ORDERED** that State Farm shall pay Weiss the reasonable attorneys' fees and costs he incurred in filing the motion for sanctions or, alternatively, to compel.[1]

Because the deadline for Weiss to file a motion for summary judgment has been extended to November 23, 2005, time remains in which Weiss may conduct the deposition of State Farm. Therefore,

---

[1] Counsel should confer in a good faith effort to resolve the question of the amount of attorneys' fees and costs to be paid. If they are unable to reach agreement on the issue, Weiss may file a motion for assessment of attorneys' fees and costs, supported by evidence of the experience and reasonable hourly rate of individuals for whose work fees are sought and evidence of the reasonable number of hours worked. A motion for assessment of attorneys' fees and costs shall be filed, if necessary, on or before December 19, 2005.

the motion to compel State Farm to produce corporate representatives for a Rule 30(b)(6) deposition is **GRANTED**. However, under these circumstances, I conclude that precluding State Farm from introducing evidence is too onerous a sanction. Therefore, the motion for additional sanctions is **DENIED**.

It is, therefore, **ORDERED** that State Farm shall produce corporate representatives to testify regarding the matters set forth in the Rule 30(b)(6) notice at **8:30 a.m.** on **MONDAY, NOVEMBER 7, 2005** in Courtroom 5 of the George C. Young United States Courthouse, 80 N. Hughey Avenue, Orlando, Florida 32801.  The deposition of all representatives will be limited to one day of no more than seven hours, and it must be concluded on or before 5:00 p.m.  Weiss shall retain a court reporter to record the deposition.  I will be available throughout the day to resolve issues that arise during the deposition that may require rulings from the Court.

The discovery period is not reopened, and the parties shall not cite or rely upon this order as a basis for seeking an enlargement of other deadlines in this case.

**DONE** and **ORDERED** in Orlando, Florida on November 1, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties