# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY, STATE FARM**
**MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**

          **Plaintiffs,**

-vs-                                   Case No. 6:03-cv-1645-Orl-31KRS

**GARY M. WEISS, ROBERT J. BROWN, &**
**SPECTRUM DX SERVICES, INC.,**

          **Defendants.**

_____/

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF STATE FARM'S MOTION TO COMPEL DEFENDANT GARY WEISS TO RESPOND IN FULL TO THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS (Doc. No. 277)**
>
> **FILED:** October 31, 2005
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

Plaintiff State Farm seeks to compel Defendant Gary Weiss to produce documents responsive to a number of its third requests for production of documents. Weiss filed a response in opposition to the motion. Doc. No. 292.

The first category of documents sought are those responsive to requests numbers 2, 13, 14, 21, 27, and 43[1]. Weiss responded that he had previously produced these documents. State Farm presents no evidence or other reason to believe that Weiss has possession, custody or control of responsive documents that he has not produced. State Farm cites no legal authority, and I am aware of none, that would require Weiss to list each document previously produced that is responsive to each of these requests for production. Therefore, the motion to compel a further response to these requests for production is **DENIED**.

The second category of requests seek various documents regarding the background of Weiss's expert witnesses, including income received in the past for serving as a consulting or testifying expert, and licensure and professional disciplinary records. *See* Requests Numbers 17, 23, 29, 32, 33, 34, 35, 38, 48, 49, 50, and 51. Weiss responded, after asserting a number of "general objections," that he does not have possession, custody or control of the requested documents. State Farm makes no showing that Weiss has actual possession or custody of the requested documents. Rather, it bases its argument on the proposition that Weiss has control over anything in the possession, custody or control of his expert witnesses because he has the "right to access" documents possessed by the expert witnesses.

The only case that State Farm cites that addresses the question of whether a party may be required to produce documents in the possession of an expert witness is *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000). In *Alper*, the plaintiff issued a subpoena to defendant's medical expert after the close of discovery, which subpoena commanded the expert to produce various documents at trial. In the course of the discussion, the court questioned whether the proper way to

---

[1] State Farm incorrectly identified this as request number 34.

obtain such documents would be a subpoena under Fed. R. Civ. P. 45 or a request for production of documents under Fed. R. Civ. P. 34.  However, the court did not answer this question because it quashed the subpoena as an improper attempt to seek discovery materials after the close of discovery. *Alper*, 190 F.R.D. at 284.

While there may be instances in which the relationship between a party and a testifying expert is such that the party may be deemed to control the witness, there has been no showing that such relationship exists here.  Further, State Farm had ample opportunity to seek the documents in question directly from the experts through use of a subpoena *duces tecum* for the experts's depositions.  *See* Fed. R. Civ. P. 26(b)(2)(ii).  Therefore, the motion to compel further responses to these requests for production of documents is **DENIED**.

The next group of requests for production seek additional documents related to information contained in the experts's reports.  Once again, Weiss responded, after asserting a number of "general objections," that he does not have possession, custody or control of the requested documents.

Several of the requests seek production of documents that underlie the information required to be listed in the expert reports.  Specifically, requests numbers 15, 22, 28, 44 and 65 seek all transcripts of deposition and trial testimony from cases listed in the expert reports of James J. Mathis, Daniel Edelman, Daniel Menkes, Robert Bard and Christine Whitney.  Requests numbers 19, 25, 31, 47 and 68 seek documents from previous cases addressing Mathis, Edelman, Menkes, Bard and Whitney's qualifications as expert witnesses and whether their testimony should be excluded. Request number 26 requests copies of all documents and video tapes that would disclose the statements Mathis

made to various media outlets listed in his expert report. Request number 36 requests copies of presentations and publications listed in Daniel Menkes's expert report.

Fed. R. Civ. P. 26 requires an expert witness merely to "list" other cases in which an expert witness has testified and the publications authored by the expert witness, which the expert witnesses have done. There is no requirement under Rule 26(a)(2) that a party produce the documents underlying the lists. For the reasons discussed above, Weiss was not required to produce these documents because there is no showing that he had actual possession or custody of the documents or that he exercised such control over the experts as to give him a legal right of access to the underlying documents. If State Farm wished to review the court documents, deposition transcripts, interviews, presentations, publications and quotations that underlie these listings, it could have sought production of the documents from public sources or directly from the experts. Therefore, the motion to compel production of documents responsive to these requests is **DENIED**.

In request number 20, State Farm asks Weiss to produce the documents, and communications relating thereto, that Mathis will rely upon in assisting the trier of fact to understand the following: "State Farm's processes, procedures, manuals, memos, literature, claim handling practices, advertisements, electronic systems, computer maintained data, computer retrieval reporting, personnel guides, training, guides, literature, and strategic litigation practices as they relate to this case." Doc. No. 277-4 at CM/ECF page 1. Fed. R. Civ. P. 26(a)(2) requires a party[2] to disclose, among other things, "the data or other information considered by the [expert] witness in forming the opinions" and

---

[2] Rule 26(a)(2) places the burden of disclosing information required in an expert witness report on the party proffering the witness. Therefore, Weiss has the obligation of ensuring that the expert witness has provided all information required by Rule 26(a)(2), and Weiss is required to furnish this information to State Farm.

"any exhibits to be used as a summary of or support for the opinions."  To the extent that Mathis has or will rely upon documents reflecting "State Farm's processes, procedures, manuals, memos, literature, claim handling practices, advertisements, electronic systems, computer maintained data, computer retrieval reporting, personnel guides, training, guides, literature, and strategic litigation practices as they relate to this case," these documents are "data or other information considered by the witness in forming his opinion" and must be disclosed.  Therefore, the motion to compel a further response to request number 20 is **GRANTED.**  It is **ORDERED** that, on or before December 1, 2005, Weiss shall produce for inspection and copying documents responsive to request number 20 that Mathis considered in forming his opinion. It is further **ORDERED** that if there are no responsive documents other than those previously produced in discovery in this case, Weiss shall serve on State Farm, on or before December 1, 2005, a written statement that these are no additional responsive documents.

Requests numbers 40, 41, and 42 request documents and communications supporting statements contained in the expert report of Robert Bard. Specifically, on page one of the report, Bard states that he will assist the trier of fact "in understanding a number [of] issues involving the diagnostic ultra-sound" including "the historical development and technical evolution of diagnostic ultra-sound equipment; the prevalence, acceptance, and widespread use of spinal ultrasound, both in the United States and in Europe; and . . . the customs and prevailing professional practices invoking the interpretation of spinal ultrasounds." Doc. No. 277-3 at CM/ECF page 1.  To the extent that Bard relied on responsive documents to base his proposed testimony on these issues, those documents are "data or other information considered by the witness in forming his opinion" and must be disclosed.

-5-

Therefore, the motion to compel a further response to requests numbers 40, 41, and 42 is **GRANTED**. It is **ORDERED** that, on or before December 1, 2005, Weiss shall produce for inspection and copying documents responsive to these requests that Bard considered in forming his opinion. It is further **ORDERED** that if there are no responsive documents other than those previously produced in discovery in this case, Weiss shall serve on State Farm, on or before December 1, 2005, a written statement that these are no additional responsive documents.

Request number 58 seeks documents reflecting the "federal billing requirements" that Whitney proposes to explain to the jury. *See* Doc. No. 277-4 at CM/ECF page 21. Request number 59 seeks documents reflecting the "regulatory overlay of the healthcare system, including industry billing practices and reimbursements issues as they may relate to Dr. Weiss," which Whitney also purposes to explain to the jury. *Id.* For the reasons explained above, to the extent that Whitney relied on responsive documents to base his proposed testimony on these issues, those documents are "data or other information considered by the witness in forming his opinion" and must be disclosed. Therefore, the motion to compel a further response to requests numbers 58 and 59 is **GRANTED**. It is **ORDERED** that, on or before December 1, 2005, Weiss shall produce for inspection and copying documents responsive to these requests that Whitney considered in forming his opinion. It is further **ORDERED** that if there are no responsive documents other than those previously produced in discovery in this case, Weiss shall serve on State Farm, on or before December 1, 2005, a written statement that these are no additional responsive documents.

The final group of requests for production at issue relate to communications between Weiss and his expert witnesses and their staff. *See* Requests Numbers 3, 6 and 16. Weiss responded, after

asserting general objections, that he would produce non-privileged, responsive documents. It is unclear from the parties' papers what documents, if any, Weiss produced in response to these requests for production of documents. There is also no indication that Weiss served a privilege log listing documents withheld from production as required by Fed. R. Civ. P. 26(c)(5).

Most courts have held that communications between an attorney and a testifying expert that are related to matters about which the expert will offer testimony, including exchange and review of draft reports of the expert's opinion, are discoverable. *See, e.g., In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1375-76 (Fed. Cir. 2001); *In re Tri-State Outdoor Media Group, Inc.*, 283 B.R. 358, 364-65 (Bankr. M.D. Ga. 2002); *Trigon Ins. Co. v. United States*, 204 F.R.D. 277, 281-84 (E.D. Va. 2001). Accordingly, the motion to compel a further response to requests number 3, 6, and 16 is **GRANTED** to the extent that Weiss or his counsel shall produce for inspection and copying draft reports of Weiss's testifying expert witnesses in this case and described communications related to the matters about which each expert witness proposes to offer testimony in this case that are in the possession, custody or control[3] of Weiss or his counsel. It is **ORDERED** that, on or before December 1, 2005 , Weiss shall produce for inspection and copying documents responsive to these requests that Whitney considered in forming his opinion. It is further **ORDERED** that if there are no responsive documents other than those previously produced in discovery in this case, Weiss shall serve on State

---

[3] The previous finding that neither Weiss nor his counsel has control over documents in the possession of any of the testifying experts applies equally here.

Farm, on or before December 1, 2005, a written statement that these are no additional responsive documents.

This order and the relief granted herein shall not be cited or relied upon as a basis for seeking an enlargement of other deadlines in this case. This order does not reopen the discovery period.

**DONE** and **ORDERED** in Orlando, Florida on November 22, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties