# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, STATE FARM
MUTUAL AUTOMOBILE
INSURANCE COMPANY

              **Plaintiffs,**

-vs-                              **Case No.  6:03-cv-1645-Orl-31KRS**

**GARY M. WEISS, ROBERT J. BROWN, &
SPECTRUM DX SERVICES, INC.,**

              **Defendants.**
_____/

## ORDER

This cause came on for consideration without oral argument on the following motions

filed herein:

| | |
|---|---|
| **MOTION:** | **STATE FARM'S MOTION TO DEEM ADMITTED FACTS CONTAINED IN REQUESTS FOR ADMISSIONS SERVED ON DEFENDANT GARY M. WEISS, M.D. (Doc. No. 275)** |
| **FILED:** | **October 31, 2005** |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

<table>
<tr><td><b>MOTION:</b></td><td><b>DEFENDANT, GARY M. WEISS, M.D.'S CROSS-MOTION AND RESPONSE TO STATE FARM'S MOTION TO DEEM ADMITTED FACTS CONTAINED IN REQUESTS FOR ADMISSIONS (Doc. No. 300)</b></td></tr>
<tr><td><b>FILED:</b></td><td><b>November 15, 2005</b></td></tr>
</table>

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

## I.    PROCEDURAL HISTORY.

On August 16, 2005, Plaintiff State Farm served counsel for Defendant Gary M. Weiss with 240 requests for admissions.  Doc. No. 275-3.  Under the Federal Rules of Civil Procedure, the response to these requests for admissions was due on or before September 19, 2005. On September 14, 2005, counsel for Weiss sent a letter to counsel for State Farm, via facsimile transmission, requesting an enlargement of time to respond to the requests.  Doc. No. 275-11.  On September 16, 2005, State Farm responded by letter and offered an enlargement of time through September 26, 2005.[1]  Doc. No. 275-12.

On September 19, 2005, Weiss filed a motion seeking an additional forty-five days to respond to the requests for admissions as well as other discovery requests propounded by State Farm.  Doc. No. 246.  The Court denied the request on October 3, 2005, because granting the enlargement of time would likely impair the parties' abilities to complete

_____

[1] In the September 16, 2005 letter, counsel for State Farm asked counsel for Weiss to attach the letter to any motion Weiss might file "as evidence of State Farm's compliance with local rule 3.01(g)."  Correspondence alone never constitutes compliance with M.D. Fla. L.R. 3.01(g).  *See* Doc. No. 126 at 4 ("The term 'confer' in Rule 3.01(g) requires a substantive conversation *in person or by telephone* in a good faith effort to resolve the motion without court action, and does not envision an exchange of ultimatums by fax or letter.").

discovery by the October 31, 2005, close of discovery.  Doc. No. 250.  On October 3, 2005,

Weiss served his responses to the requests for admission.  Doc. No. 275-8.

State Farm now seeks an order deeming certain of the matters contained in the

requests admitted because Weiss failed to respond to them within the time permitted by

Federal Rule of Civil Procedure 36.  In a cross-motion, Weiss asks the Court to grant an

enlargement of time for the responses, *nunc pro tunc*, and treat the responses served on

October 3, 2005 as timely served.  Doc. No. 300.  State Farm opposes the relief requested

by Weiss. Doc. No. 324.

**II.    ANALYSIS.**

   *A.    The Matters in the Requests for Admission were Admitted by Operation of Law.*

Federal Rule of Civil Procedure 36(a) provides that a "matter is admitted unless, within

30 days after service of the request, or within such shorter or longer time as the court may

allow or as the parites may agree to in writing . . . the party to whom the request is directed

serves upon the party requesting the admission a written answer or objection addressed to the

matter, signed by the party or by the party's attorney."     State Farm offered in writing to extend

the time for service of response to requests for admissions to September 26, 2005.  No

responses were served by that date.

The pendency of a motion to extend the response date did not relieve Weiss from the

obligation to respond to the requests for admissions by September 26, 2005, in the event that

the motion for enlargement of time was not granted before that date.  *See, e.g., Ellison v.

Windt*, No. 6:99-cv-1268-ORL-KRS, 2001 WL 118617, at * 2 (M.D. Fla. Jan. 24, 2001).

Therefore, the matters contained within the requests for admission were admitted by operation

of law.  *See Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1577 (11th Cir. 1988) (finding that matters in requests for admission are deemed admitted by operation of law if the requests are not responded to timely).

Because some of the requests were posed in the alternative, State Farm seeks to deem admitted only certain of the requests to avoid ambiguity, specifically each odd-numbered request from 1 through 193 was well as requests 196, 199, 201 through 229, 232, 233, 235 and 237 through 240.  The ambiguity is created because of the way State Farm posed its requests. For example, in request number 1, State Farm asks Weiss to "[a]dmit that You wrote or authorized someone to write "G" on the "Reading Physician" line of document Sp7003 . . . ." Doc. No.  275-3 at 1.  In request number 2, State Farm asks Weiss to "[a]dmit that the "G" written on the "Reading Physician" line of document Sp7003 was written without your authorization."  Of these conflicting requests, State Farm asks the Court to deem admitted only those requests that asked Weiss to admitted that he signed or initialed particular documents.

The Federal Rules of Civil Procedure do not contain a provision allowing a party to select which requests for admissions will be deemed to be admitted if they are not timely answered.  While State Farm cites a case from another court in which parties were allowed to elect which requests for admissions they wished to be admitted by operation of law, *ADM Agri-Indus., Ltd. v. Harvey*, 200 F.R.D. 467, 470 (M.D. Ala. 2001), because the authority the court relied upon for the ability to pick and choose which requests should be admitted is Federal Rule of Civil Procedure 33, which relates to interrogatories rather than requests for admissions, I find that opinion to be unpersuasive.

-4-

Therefore, the request to deem admitted only the odd-numbered requests between request number 1 and 196 and requests numbers 196 and 199 is **DENIED**.[2] The ambiguity arose from the strategic decision of State Farm's counsel to pose its requests for admissions in a manner that resulted in the conflicting admissions when the requests were not responded to in a timely manner.   It is further **ORDERED** that State Farm will not be permitted to rely upon any of the conflicting requests for admissions (requests numbers 1 through 199 and requests numbers 235 and 236) because doing so would unnecessarily inject confusion into the case.

However, requests numbers  201 through 229, 232, 233 and 237 through 240 do not raise any ambiguities.  Therefore, the motion to deem these requests admitted is **GRANTED**. I will next turn to the question of whether Weiss should be relieved from these admissions.

B.     *The Cross-Motion Must Be Addressed on its Merits.*

 State Farm argues that the cross-motion should be denied because it is a discovery-related motion and, therefore, is untimely because it was filed after the deadline for filing discovery motions.  This discovery deadline is not applicable because the instant motion is not a motion to compel.  Further, the Case Management and Scheduling Order in this case makes denial of motions as untimely a discretionary decision.  Accordingly, I decline to deny the motion as untimely.

---

[2] Ambiguity also exists with requests numbers 235 and 236

C.      *Request to Be Relieved From the Admissions.*

Weiss states that in his belated response to the requests for admissions, he admitted some of the requests for admissions.  I cannot determine from the papers before me what Weiss's response was to the remaining requests at issue.  Accordingly, the motion to be relieved from deemed admissions to requests numbers  201 through 229, 232, 233 and 237 through 240 is **DENIED** without prejudice.  Weiss may renew the motion, if necessary, on or before December 16, 2005, after holding another good faith conference regarding the remaining requests for admissions at issue. This deadline, and the eleven-day deadline for filing a response to the motion, *see* doc. no. 126 at 5 n.1, will not be enlarged due to the need to resolve these issues before the parties are required to meet to prepare the joint final pretrial statement.

In a renewed motion and response, the parties shall address the two factors that the Court must address in determining whether to relieve Weiss of the matters deemed admitted. These factors are (1) whether the presentation of the merits of the action will be subserved by relieving Weiss of the admissions, and (2) whether State Farm has establish that withdrawal or amendment of the admissions will prejudice it in maintaining the action or defense on the merits.  *See* Fed. R. Civ. P. 36(b).  In a renewed motion and response thereto, it will be particularly helpful for the parties to address how the matters at issue are relevant to the questions to be decided by the Court or the jury.

**DONE** and **ORDERED** in Orlando, Florida on December 7, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties