**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY, STATE FARM**
**FIRE & CASUALTY INSURANCE**
**COMPANY**

                 **Plaintiffs,**

**-vs-**                                                      **Case No. 6:03-cv-1645-Orl-31KRS**

**GARY M. WEISS, ROBERT J. BROWN, &**
**SPECTRUM DX SERVICES, INC.,**

                 **Defendants.**
_____/

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** RENEWED MOTION BY DEFENDANT GARY M. WEISS, M.D., TO WITHDRAW OR AMEND DEEMED ADMISSIONS OR, IN THE ALTERNATIVE, A SEVENTEEN DAY ENLARGEMENT OF TIME . . . IN WHICH TO HAVE SERVED HIS RESPONSES (Doc. No. 335)
>
> **FILED:** December 16, 2005
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

**I.     INTRODUCTION.**

State Farm served requests for admissions on Defendant Gary Weiss, M.D., to which Weiss did not timely respond. I denied State Farm's motion to deem admitted certain of the requests because doing so would create ambiguity in the case. However, I deemed other requests admitted as follows: 201 through 229, 232, 233, and 237 through 240. Doc. No. 325.[1] Weiss now asks that he be allowed to withdraw these deemed admissions. State Farm filed a response opposing the relief requested in the motion. Doc. No. 341.[2]

Curiously, Weiss asked to be relieved from all of these deemed admissions, even though, in his belated responses to the requests for admissions, he admitted requests 202, 210, 214, 215, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 232, and 233. Doc. No. 340, attach. 1. He also admitted in part requests 204, 206, 207, 211, 212, 213, and 217. *Id.* To the extent that Weiss asks to withdraw these voluntary admissions, the motion is **DENIED**. Accordingly, I will address only those admissions, or portions of admissions, that Weiss did not admit.

**II.    APPLICABLE LAW.**

Federal Rule of Civil Procedure 36 permits the Court to allow a party to withdraw an admission when the presentation of the merits of the action will be subserved thereby and the party who obtained

---

[1] Weiss requests that I revisit my previous order and grant him an enlargement of time to respond to the requests, *nunc pro tunc*. I decline to do so. It is incumbent on counsel to be aware of the deadlines for responding to requests for admissions and the consequences of failing to respond to such requests timely.

[2] State Farm asks in its response that I reconsider my earlier ruling. It is not proper to present a motion for reconsideration in a response, rather than in a motion to which the opposing party would have an opportunity to respond. Further, State Farm has had ample time to seek review of my order under Federal Rule of Civil Procedure 72.

the admission fails to satisfy the court that withdrawal will prejudice that party in maintaining the action or defense on the merits.

Accordingly, the determination of whether a party should be permitted to withdraw matters that have been deemed admitted because of the party's failure to respond timely to requests for admission is governed by a two-part test: " First, the court should consider whether the withdrawal will subserve the presentations of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case'" *Perez v. Miami-Dade County*, 297 F.3d 1255, 1264 (11th Cir. 2002).   "Rule 36(b)'s two-part test is much more than merely hortatory; it 'emphasizes the *importance of having the actions resolved on the merits*, while at the same time assuring each party that justified reliance on an admission in preparation of trial will not operate to his prejudice.'" *Id.* (quoting *Smith v. First Nat'l Bank*, 837 F.2d 1575, 1577-78 (11th Cir. 1988)).

**III.   ANALYSIS.**

The admissions that Weiss seeks to withdraw fall into five broad categories: allegedly ambiguous requests; admissions regarding signatures on documents and use of Weiss's signature stamp; admissions regarding payments made to or on behalf of Weiss; admissions regarding correspondence between Weiss and certain individuals; and an admission regarding medical school courses on spinal ultrasounds.  I will discuss each category of admissions separately.

*A.     Allegedly Ambiguous Requests for Admissions.*

In my earlier order, I denied State Farm's request that I deem admitted the responses to certain requests but not deem admitted the responses to other requests in order to avoid ambiguity.  Doc. No. 325.  Weiss now argues that I overlooked four additional requests for admissions that are ambiguous, specifically requests 228, 229, 230 and 231.  This position is well taken.  All four requests address the

same document. Requests numbers 228 and 229 ask Weiss to admit that his signature is on the document and that he signed it. Requests numbers 230 and 231 ask Weiss to admit that he does not know who signed the document and that he did not authorize anyone to sign it. Thus, if all four requests are admitted, the result would be that Weiss both admits that he signed the document and admits that he does not know who signed the document. For the reasons stated in my earlier order, such ambiguity should not be injected into the case. Therefore, the motion to deem requests 228 and 299 admitted is denied and my earlier order (Doc. No. 325) is amended accordingly.

Weiss argues that requests 237 and 238 are also ambiguous. This position is not well taken. Request number 237 asked Weiss to admit that he provided Brad Goldstein or Premier Medical with his signature stamp. Request number 238 asks that Weiss admit that he authorized Goldstein or Premier Medical to use that signature stamp. While these admissions may be detrimental to Weiss with respect to documents on which the signature stamp was used, they do not inject ambiguity into the proceedings. I will address whether Weiss should be allowed to withdraw the deemed admissions to requests 237 and 238 in part B. below.

> B.    *Admissions Regarding Signatures.*

In this case, State Farm alleges that it was defrauded through the submission of fraudulent interpretive reports and corresponding requests for payment relating to the diagnostic tests underlying these interpretative reports. The tests were performed by Spectrum DX Services, Inc. (Spectrum). Dr. Weiss purportedly rendered the opinions in these interpretive reports. A primary issue in this case is whether Weiss signed or authorized others to sign the reports and requests for payment on his behalf. Requests numbers 201, 203, 237 and 238 seek admissions regarding the use of Weiss's signature stamp. Requests number 217 seeks an admission that Weiss signed certain documents.

State Farm acknowledges that the issue of whether Weiss signed or stamped, or authorized others to sign or stamp, his name to the reports and requests for payment is central to the resolution of this case. The depositions State Farm submitted in support of its motion confirm that the issue is in dispute. Therefore, the merits of the case will be subserved by allowing the trier of fact to resolve this question.

State Farm contends it would be prejudiced if the admissions are withdrawn because it will not have "the benefits of follow-up discovery regarding Dr. Weiss' denials." Doc. No. 341 at 14. However, the discovery materials State Farm furnished in support of the motion reflect that it conducted ample discovery on the issue. Dr. Weiss was asked in his deposition about use of his signature stamp on documents and he testified that he did not authorize anyone to use his signature stamp on any reports. He also testified that he did not sign documents for Spectrum. Doc. No. 340, Weiss Dep. at 265-69. State Farm also took discovery of Spectrum employees who testified that they had authority to use Weiss's signature stamp. Doc. No. 340. Therefore, State Farm will not be prejudiced by withdrawal of the admissions because it has been able to conduct ample discovery on these issues. Accordingly, the motion to withdraw the deemed admissions to requests 201, 203, 237 and 238 and the portion of request 217 that Weiss denied in his belated response to the requests for admissions is **GRANTED**.

*C.     Admissions Regarding Payments to or on Behalf of Weiss.*

In the amended complaint, State Farm alleges that there were improper "kickback" agreements between and among the defendants that were used as incentives to recruit doctors to participate in the fraudulent testing and billing scheme. Requests 204, 205, 206, 207, 208, 209, 211, 212, and 213.

Because Weiss denied these requests, in whole or in part, it appears that the merits of the case would be subserved by permitting the trier of fact to resolve the disputed issues. In the response to the motion, State Farm provided no argument of how it would be harmed by withdrawal of admissions in

these categories. Accordingly, the motion to withdraw the deemed admissions of requests 205, 208, 209 and the portions of requests 204, 206, 207, 211, 212 and 213 that Weiss denied in his belated responses is **GRANTED**.

    D.    *Admissions Regarding Correspondence.*

In requests 216 and 240, State Farm asks Weiss to admit that specified documents are the only letters sent between he and Robert Brown during particular time frames. In request number 217, State Farm asks Weiss to admit that specified documents are the only letters he wrote to Brad Goldstein.

The parties do not address how the merits of the case would be subserved by permitting Weiss to withdraw these deemed admissions. In comparison to the requests that are discussed in part C. above, these requests do not address the merits of the claim. Because the merits of the action will not be subserved by permitting withdrawal, the motion to withdraw the deemed admissions of requests 216 and 240 and the portion of request 217 that Weiss denied in his belated responses is **DENIED.**

    D.    *Admission Regarding Medical School Courses.*

In request 239, State Farm asks Weiss to admit "that no accredited medical school in the United States has ever taught or teaches a course on spinal ultrasounds." In his belated response, Weiss stated that he was without knowledge of the truth of this request.

Weiss's belated answer to the request supports a finding that the answer to this request is not reasonably within Weiss's knowledge. Under these circumstances, the merits of the case would not be

subserved by deeming Weiss to have admitted something that he does not know. Accordingly, the motion to withdraw the deemed admission of request 239 is **GRANTED**.

**DONE** and **ORDERED** in Orlando, Florida on January 11, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties