## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and STATE FARM FIRE & CASUALTY COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> GARY M. WEISS, M.D., ROBERT J. BROWN, and SPECTRUM DX SERVICES, INC., <br><br> Defendants. | ) ) ) ) ) Case No.:  6:03-cv-1645-ORL-28KRS ) ) ) ) ) ) ) ) |

### ORDER

This matter came before the Court on the Motions (Docs. 374 and 375) of Spohrer, Wilner, Maxwell & Matthews ("Spohrer Wilner") and Harrell & Harrell, P.A. (Harrell & Harrell) (the "Withdrawing Firms") to Withdraw as Counsel for Defendant, Gary M. Weiss, M.D., and the Court having (a) conducted extensive *ex parte* hearings with State Farm, Dr. Weiss, and their respective counsel, including Mark Horwitz acting as independent counsel for Dr. Weiss, and (b) having heard arguments in open court, it is hereby ORDERED as follows:

    1.    The Motions to Withdraw are GRANTED;

    2.    The trial in this case is continued until August 1, 2006 at 9:00 a.m.;

    3.    Dr. Weiss shall provide a copy of this Agreed Order to new counsel prior to the filing of any appearance. Dr. Weiss' new counsel shall file an appearance on or before March 15, 2006.

1

4. Dr. Weiss' new counsel shall accept representation of Dr. Weiss subject to the confines of the Final Joint Pretrial Statement filed on February 20, 2006 (Doc. 382). There will not be introduced additional defenses, witnesses, exhibits, or other changes to the Pretrial Statement, absent compelling reasons. State Farm, however, shall be permitted to complete its counter designations and objections to Dr. Weiss' deposition designations.

5. Until such time as a judgment may be rendered in this case, the Withdrawing Firms shall not undertake any collection action adverse to Dr. Weiss.

6. Subject to Paragraph 7 below, until such time as a judgment may be rendered in this case, Dr. Weiss will not engage in any financial transactions which could be construed as asset sheltering, or frustrating State Farm as a potential judgment creditor.

7. Dr. Weiss represents that the list of real properties in which he has a property interest are those listed on the schedule attached hereto as "Exhibit 1." It is presently disclosed and permissible for Dr. Weiss to either sell or encumber the three property groups identified on Exhibit 1 as the "For Sale" properties, provided however, that any proceeds from such sale or encumbrance may only be used for the purposes of satisfying legal fees or otherwise providing debt service on, or preservation of, the remaining properties.

8. Any proceeds from the sale or encumbrance of any "For Sale" property shall be deposited into a trust account of an attorney of record in this matter. That attorney shall, from time to time, and as circumstances dictate, provide an accounting of the proceeds to the Court, *in camera*. The attorney shall ensure that monies so deposited will be dispersed in accordance with this Order.

9. Proceeds from any sale or encumbrance shall not be used to increase the value of Dr. Weiss's property which may be subject to exemption from execution as contemplated

3

by the Florida Constitution.

10.   Based on the foregoing, State Farm's Motion for Prejudgment Attachment or Other Appropriate Relief (Doc. 390) is DENIED as moot.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 28, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party